THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VILLAGES OF SHADY HOLLOW HOME OWNERS ASSOCIATION, INC. | § § § | |
| Plaintiff, | § § | Civil Action No. 10-570 |
| vs. | § § § | Judge: _____ |
| GREAT AMERICAN INSURANCE COMPANY and CONTINENTAL CASUALTY COMPANY | § § § § | Magistrate: _____ |
| Defendants. | § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446(a), Defendant Continental Casualty Company ("Continental") files this Notice of Removal and shows the following:

1.      Plaintiff Villages of Shady Hollow Home Owners Association, Inc. ("Shady Hollow") filed its Original Petition in Cause No. D-1-GN-10-002320, *Villages of Shady Hollow Home Owners Association, Inc. v. Great American Insurance Co. and Continental Casualty Co.*, in the 353rd Judicial District of Travis County, Texas on July 6, 2010. Citations were issued on July 7, 2010.

2.      Continental's agent for service of process, CT Corporation System, was served with the Citation and the Original Petition on July 12, 2010.   Great American Insurance Company's ("Great American") agent for service of process, CT Corp Systems, was served with the Citation and the Original Petition on July 12, 2010.   Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all documents filed in the state court, including the Citations and Shady Hollow's Original Petition, are included in the Index of Documents attached hereto and incorporated herein as Exhibit "A."

3.     This Notice of Removal is timely filed within thirty (30) days after Continental and Great American (collectively, "Defendants") were served with copies of the Original Petition and Citation in the state court action. *See* 28 U.S.C. § 1446(b).  Defendant Great American has consented to removal of this case, and its consent is attached hereto as Exhibit "C."

4.     This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441, because the case is a civil action between citizens of different states wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.     This case is an insurance coverage dispute involving an insurance policy issued by Continental with limits of liability of $1 million and an insurance policy issued by Great American with limits of liability of $1 million.  Shady Hollow requests a jury trial and asserts causes of action against Defendants for unfair insurance practices under the Texas Insurance Code, breach of contract, delay in payment under the Texas Insurance Code and seeks actual damages, three times the amount of actual damages, a penalty of 18% per annum of the claim amount and attorneys' fees. *See* Exhibit "A-1," Shady Hollow's Original Petition, pp 2-4. Shady Hollow contends that one of the Defendants' insurance policies provides defense and coverage for a lawsuit brought by Jennifer Stamps and Donald McCurdy (the "Homeowners") against Shady Hollow and others alleging breaches of the homeowners' association bylaws and covenants, breach of fiduciary duty, and conspiracy which seeks an injunction, declaratory relief and damages (the "Underlying Claim"). *See* Exhibit "A-1," Shady Hollow's Original Petition, pp. 1-3.

6.    The amount in controversy requirement under 28 U.S.C. § 1332(a) is met by the recovery sought by Shady Hollow.  In determining the amount in controversy, this Court may consider summary judgment type evidence that the claim will exceed the minimum amount, based on direct knowledge of the claim.[1]  It may also consider the items for which the Defendants can be liable under state law, including attorneys' fees, penalties, and statutory damages.[2]  Shady Hollow seeks coverage for the Underlying Claim which is a lawsuit by the Homeowners styled *Jennifer L. Stamps, et al. v. Villages of Shady Hollow Home Owners Association, Inc. et al.*, No. C-1-CV-09-010822, in County Court as Law No. 2 in Travis County, Texas which seeks to recover actual damages and attorneys' fees from Shady Hollow and other parties.  *See* Declaration of Jerome Huang, attached hereto as Exhibit "B."  The Homeowners plead damages of (1) $15,000 in attorneys' fees resulting from their seeking declaratory relief regarding a waiver of size limitation for their garage, and (b) another $10,000 in attorneys' fees pursuant to Texas Property Code § 5.006 which they incurred to enforce certain deed restrictions. *Id.*  Additionally, the Homeowners allege that as a result of breaches of association bylaws and covenants, they stand to lose the total value of the construction costs of their garage which is $20,100.  *Id.*  In the instant action, Shady Hollow seeks coverage from Defendants for the Underlying Claim, which, as set forth above, includes the $45,100 total actual damages discussed above, and $135,300 as three times actual damages pursuant to Texas Insurance Code § 541.152.  Furthermore, the amount in controversy is greatly exceeded with the consideration of Shady Hollow's request for recovery of a statutory penalty of 18% and attorneys' fees.  *See*

---

[1] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1993).

[2] *Id.* at 1253. *see also H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *Veale v. Allstate Texas Lloyd's*, Civil Action No. H-06-2820 2006 U.S. Dist. LEXIS 82494 *2 (S.D. Tex. Nov. 13, 2006).

Exhibit "A-1," Shady Hollow's Original Petition, p. 4.  Therefore, the amount of damages sought by Shady Hollow in the instant lawsuit exceeds the sum of $75,000.

7.     Plaintiff Villages of Shady Hollow Home Owners Association, Inc. was and is at the time of this filing incorporated under the laws of the State of Texas and has its principal place of business in Texas.  Under applicable law, therefore, Plaintiff Shady Hollow Home Owners Association, Inc. (both now and when this action was filed) is a citizen of the state of Texas.

8.     Defendant Continental was and is at the time of this filing incorporated under the laws of the State of Illinois and has its principal place of business in Illinois.  Under applicable law, therefore, Defendant Continental (both now and when this action was filed) is a citizen of the state of Illinois.

9.     Defendant Great American was and is at the time of this filing incorporated under the laws of the State of Ohio and has its principal place of business in Ohio.  Under applicable law, therefore, Defendant Great American (both now and when this action was filed) is a citizen of the state of Ohio.

10.     Because Plaintiff is a citizen of Texas and Defendants are citizens of Illinois and Ohio, Plaintiff is not a citizen of the same state as Defendants.  Accordingly, diversity jurisdiction existed at the time Plaintiff filed its Original Petition and diversity jurisdiction exists now.

11.     Removal of this action to this Court is proper under 28 U.S.C. § 1441 because this is a civil action of which the district courts of the United States have original jurisdiction.

12.     Promptly after the filing of this Notice of Removal, Continental shall give written notice of the removal to Shady Hollow through its attorney of record and to the clerk of the state court as required by 28 U.S.C. § 1446(d).

Notwithstanding this removal, Defendant does not waive and specifically reserves any and all objections, exceptions or defenses to the Original Petition herein, including but not limited to, moving to have this matter dismissed, stayed and/or transferred to another court.

WHEREFORE, Defendant requests that this action now pending against it in the District Court of Travis County, Texas be removed to the United States District Court for the Western District of Texas, Austin Division, as an action properly removable thereto and seeks all other relief to which it may be entitled.

Respectfully submitted,

By: /s/Vincent J. Ansiaux
    R. Douglas Noah, Jr.
    State Bar No.: 15047500
    Vincent J. Ansiaux
    State Bar No. 24036143
    Allison J. Maynard
    State Bar No. 24055923
    WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
    901 Main Street, Suite 4800
    Bank of America Plaza
    Dallas, Texas 75202
    Telephone:    214-698-8000
    Facsimile:    214-698-1101
    Doug.noah@wilsonelser.com
    Vincent.ansiaux@wilsonelser.com
    Allison.maynard@wilsonelser.com

**ATTORNEYS FOR DEFENDANT**
**CONTINENTAL CASUALTY COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Notice of Removal has been served on the following counsel of record via Certified Mail, return receipt requested, and via electronic notice on July 30, 2010:

*__Via CM RRR No.: 7160 3901 9848 7099 1617__*
Mark Kincaid
Elizabeth von Kreisler
Kincaid & Horton LLP
114 West 7th Street, Suite 11000
Austin, Texas 78701

*__Via CM RRR No.: 7160 3901 9848 7099 1617__*
Christopher W. Martin
Mary Ellen King
Ashley Applewhite
Las Cimas IV
900 S. Capitol of Texas Highway, Suite 425
Austin, Texas 78746

By: /s/Vincent J. Ansiaux
Vincent J. Ansiaux